**FIRST NAT. BANK OF BOWIE v. CHISHOLM et al.**

No. 12949.

Court of Civil Appeals of Texas. Fort Worth.

March 10, 1934.

Rehearing Denied April 13, 1934.

M. A. Bryan and T. B. Coffield, both of Bowie, for appellant.

J. W. Chancellor and Donald & Donald, all of Bowie, for appellees.

DUNKLIN, Chief Justice.

This suit involves the conflicting claims of the First National Bank of Bowie, Tex., plaintiff, and Z. A. Chisholm and wife, Mary A. Chisholm, defendants, to the proceeds of a life insurance policy which was paid into court by the life insurance company who issued the policy with prayer that the issue of ownership thereof as between plaintiff and defendants be adjudicated. The appeal by plaintiff is from a judgment awarding the money to the defendants.

The policy was what is termed a 20-year pay policy and was issued to defendant Z. A. Chisholm, and the beneficiary named therein was his wife, Mary A. Chisholm. It was issued June 2, 1910, for the principal sum of $1,000; and on October 31, 1910, Z. A. and Mary A. Chisholm executed an instrument in writing transferring all their interest therein to "C. H. Boedeker, of Bowie, Texas, creditor, as his interest may appear." On December 23, 1931, about nine years after the death of C. H. Boedeker, Mrs. Kate Boedeker, his wife, and only heir, executed to plaintiff bank an assignment of all her right, title, and interest in the policy as heir of C. H. Boedeker, reciting that the policy had been transferred to C. H. Boedeker, president of the bank, for the use and benefit of the bank to secure certain indebtedness then owing to the bank by defendants Z. A. and Mary A. Chisholm.

Plaintiff sought a judgment against Z. A. Chisholm on his promissory note, payable to the bank, dated October 1, 1913, payable October 1, 1914, for the principal sum of $330, with interest, and alleged the transfer of the policy to Boedeker as security for debt; but further alleged that Boedeker was then the president and principal stockholder in the bank, and that the transfer was taken in his name for the benefit of the bank to secure a note then owing to the bank by Z. A. Chisholm and for which the note in suit was executed as a renewal; that the bank had paid the premiums accruing on the policy up to its maturity, and but for which the policy would have lapsed.

The claim of defendants was based on allegations that their hypothecation of the policy to Boedeker was to secure a loan made by him to them, which had long since been paid off and discharged. By special exceptions to plaintiff's pleadings, defendants invoked the defense of four years' limitation to the suit on the note.

Following are special issues submitted, with the findings of the jury thereon:

"1. Do you find from a preponderance of the evidence that Z. A. Chisholm, executed the assignment of the policy to C. H. Boedeker for the purpose of securing the indebtedness, if any, of Z. A. Chisholm to the City National Bank? Answer: No.

"2. Do you find from a preponderance of the evidence that the note in suit is a renewal, or extension of the indebtedness, if any, that Z. A. Chisholm owed the City National Bank at the time the assignment was made? Answer: No."

There was no ruling on the exception presenting the defense of limitation to the suit on the note, although plaintiff was not awarded a personal judgment for the debt. The judgment is silent on that point, and the bank does not complain of the court's failure to render such a judgment.

While it is true, as insisted by appellant, that, in the absence of a plea of non est factum, testimony of Z. A. Chisholm, in

answer to questions by his counsel that he did not execute the note on which he was sued, was incompetent, yet appellant has waived its right to complain here of its admission by bringing out the same testimony in answer to questions by plaintiff's counsel before he was interrogated on that point by defendant's counsel. 3 Tex. Jur. 1032. According to testimony of both defendants, their transfer of the policy to Boedeker was to secure a debt owing to him and not the bank, and that the loan had long since been paid. But according to evidence offered by plaintiff, consisting of books of the payee bank and testimony of H. S. Walker, assistant cashier and bookkeeper of the payee bank before its assets were taken over by plaintiff bank, the note in suit was a renewal of an original note for $300 executed by Z. A. Chisholm to the payee bank and held by that bank; and all premiums accruing on the policy had been paid by the bank. Defendants Z. A. Chisholm and wife had moved to another county in the state in the year 1912, and Z. A. Chisholm admitted that he did not pay any premiums on the policy after he left; that Mr. Boedeker had promised to keep up payments of premiums for the benefit of defendants and he relied on that promise. However, the record showed that Boedeker died in the year 1922.

[3] It thus appears that there was a sharp conflict in the evidence as to whether the debt for which the policy was hypothecated was in fact defendants' debt to the bank, or a debt owing to Boedeker personally. And, since Boedeker was dead and plaintiff was compelled to rely largely upon the books kept by the payee bank, we believe the court committed reversible error in excluding testimony of Paul Boedeker, son of C. H. Boedeker, deceased, offered by plaintiff, to the effect that after the death of his father in the year 1922 he had taken charge of the estate and all the papers and books kept by his father; that, after careful examination and search of those papers and books for that purpose, he had found nothing to indicate that his father had ever paid any premiums on the policy in suit; the objection sustained to that testimony being that it was immaterial and irrelevant, with no proper basis therefor in plaintiff's pleadings; absence of any testimony that the witness kept the books and kept them correctly or that they reflected the true condition of the affairs of the Boedeker estate. And especially so since the witness had already testified that the books failed to show any evidence of indebtedness from defendants to the deceased. And, although the same objection was made to that testimony, appellee has presented no cross-assignment of error here to its admission.

Notwithstanding its negative character, the testimony so offered tended to contradict the testimony of defendants, referred to above, on which they chiefly relied. 17 Tex. Jur. pp. 338, 358, 785; 10 R. C. L. pp. 925, 926, 927, 928, 1187.

■ The further assignment of error complaining of the refusal of the court to admit the introduction of an abandoned pleading previously filed by defendants, which was offered as evidencing an admission against the defendants, cannot be considered because of failure to brief that assignment in accordance with rules 30 and 31 for briefing; no showing being made of the contents of the abandoned pleading.

■ Manifestly, the court did not err in refusing plaintiff's request for an instructed verdict in its favor.

For the error pointed out, the judgment of the trial court is reversed, and the cause remanded.